TERESA M. McGOWAN, CA Bar No. 145823
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA  92415-0140
Telephone:  (909) 387-5283
Fax:              (909) 387-4069
tmcgowan@cc.sbcounty.gov

Attorneys for Defendants, K. OLIVA, COUNTY OF SAN BERNARDINO, ROBERT BOYD, RICK SWIGART

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

CENTRAL DIVISION

| | |
|---|---|
| MELVIN ANTHONY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> K. OLIVA, COUNTY OF SAN BERNARDINO, ROBERT BOYD, RICK SWIGART, <br><br> Defendants. | CASE NO. EDCV 12-01369 SJO (SH) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURUSANT TO FRCP 12(B)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:     October 15, 2012 <br> Time:    2:00 p.m. <br> Dept.:    Court Room 550 <br><br> Honorable Judge Stephen J. Hillman |

TO PLAINTIFF MELVIN ANTHONY, JR., appearing in Pro Per:

1

PLEASE TAKE NOTICE that on the above-referenced date, time and department or as soon thereafter as the matter may be heard in Court Room 550 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, before the Honorable U.S. Magistrate Judge, Stephen J. Hillman, defendants, K. OLIVA, COUNTY OF SAN BERNARDINO, ROBERT BOYD, and RICK SWIGART shall move to dismiss the subject Complaint filed by plaintiff pursuant to *Federal Rules of Civil Procedures* 12(b)(6) as plaintiff's claims fail to state sufficient facts upon which relief can be granted.  The specific grounds for relief are as follows:

1.     The conduct alleged against each individual defendant is not sufficient to state a Constitutional violation under color of law;

2.      Since plaintiff is relying upon alleged Constitutional violations of employees for the conduct to support liability as to the County of San Bernardino, he does not allege policy violation under the case of *Monell v. New York Department of Social Services* 436 U.S. 658, 691-93, 98 S.Ct. 2018 (1978);  and

3.     The State causes of action alleged in Counts 5, 6, 7, 8, 9, 10 and 11 are barred by plaintiff's failure to file a timely claim with the County of San Bernardino.

The instant motion will be based upon the Notice of Motion, attached Memorandum of Points and Authorities herewith, all pleadings and documents of record herein, and any other evidence that may be presented at the time of the hearing on the Motion to Dismiss.

## COMPLIANCE WITH LOCAL RULE 7–3.

This motion is made following the conference of counsel and Mr.

#29M1147
TMM:dht

1  Anthony pursuant to LR 7-3 which took place telephonically on August 31,
2  2012. The parties discussed the allegations of the complaint and defense
3  counsel's impression that they pled a valid arrest. Mr. Anthony
4  responded that he would file a motion under Rule 12(f), a motion to strike.
5  The issues were not resolved.

8  Dated: September 7, 2012          JEAN-RENE BASLE
9                                     County Counsel

10                                     ___s/David R. Guardado for:_____
11                                     TERESA M. McGOWAN
                                       Deputy County Counsel
12                                     Attorney for Defendants
13                                     K. OLIVA, COUNTY OF SAN
                                       BERNARDINO, ROBERT BOYD, RICK
14                                     SWIGART

3

MOTION TO DISMISS

#29M1147
TMM:dht

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Melvin Anthony, Jr., files the instant complaint alleging civil rights violations and several state tort causes of action stemming from an incident involving three County of San Bernardino Deputies and Sergeants on June 18, 2012. (Complaint, Allegations under "Parties" and ¶1).  Anthony alleges he was at the Rancho Cucamonga courthouse on the fourth floor at 8:30 a.m. (Complaint, ¶2)  Anthony received a call from "Rouzan" who told him that the Sheriff guys were acting crazy and he needed witnesses.  Anthony went to him. (Complaint, ¶ ¶ 3, 4)  Anthony went to the Sheriff Services office where Rouzan was being held and observed the Sheriff talking and observing Rouzan's phone.  Anthony turned on the recorder on his cell phone to take personal notes.   Within 10 minutes he and his wife Anny were joined by three other persons "to observe and prepare affidavits if needed." (Complaint, ¶¶ 4 to 7)

The Sheriff Deputy and Sergeants shackled Rouzan, and the others in the room began questioning Defendant Boyd about his oath of office and badge number. (Complaint, ¶¶ 8,9)  Anthony proceeded to place his cell phone on the counter to prepare an accurate account of what was happening. (Complaint, ¶10)  Defendants Boyd and Oliva asked Anthony if he was recording and Anthony admitted he had been recording since he first got into the room.  He was told he could not record in there, and was told to put his hands behind his back. (Complaint, ¶11).  Anthony alleges he was "assaulted and battered" when his arms were grabbed and forced behind him.  (Complaint, ¶12)  Defendant Oliva stole Anthony's property/cell phone and shackled, seized, and kidnapped Anthony without

4

a valid warrant." (Complaint, ¶13)  Thereafter, Anthony was searched, placed in a chair and held by the deputies "as a captive without a valid warrant." A few minutes later, Anthony was moved back to the front office and Defendant Oliva began to look through and navigate his phone. He was held for over an hour, then let go but the cell phone was not returned. (Complaint, ¶14 to 19)

Plaintiff alleges the deputies had no warrant for arrest or for the search and seizure of his cell phone. Further plaintiff alleges defendants were not engaged in serving or carrying out any criminal process and had no lawful reason to engage Anthony. (Complaint, ¶ ¶20, 21)  Anthony alleges defendant Oliva used force when he "stole Anthony's phone, shackled, assaulted, battered, kidnapped and falsely imprisoned Anthony without a warrant or his consent." (Complaint, ¶22)

The plaintiff alleges that the County of San Bernardino "as a policy or custom, neglected to properly train, supervise, control, correct the abuse of authority and discourage the unlawful use of authority of the defendants Boyd, Oliva and Swigart." (Complaint ¶26)

## II.

## AUTHORITY

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Federal Rules of Civil Procedure, Rule 12, states:

> (b) . . . the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted,. . .

/ /

/

## III.
## **PLAINTIFF HAS NOT PLED A CONSITUTIONAL VIOLATION UNDER 42 U.S.C. §1983**

Counts 1, 2, 3 and 4 of the complaint are for violations of 42 U.S.C. §1983. Count 1 refers to the Fourth Amendment and the taking of Anthony's phone; count 2 refers to the First Amendment and his right to record County employees' activities; count 3 refers to the Fourth Amendment and the alleged kidnap of Anthony and Count 4 refers to the Fourth Amendment and the search of Anthony's phone without a warrant.

To prove a violation of section 1983 Anthony must demonstrate that the individual defendants (1) deprived him of a right secured by the Constitution, and (2) acted under color of state law. Further, to prevail on a Section 1983 claim for false arrest, a plaintiff has to demonstrate that the arrest was made without probable cause or other legally sufficient justification. *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 " Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime." *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir. 1999). Probable cause requires only "reasonably trustworthy information." *Saucier v. Katz,* 533 U.S. 194, 207, 121 S.Ct. 2151 (2001).

Anthony's admission in the allegations of his complaint that he was recording Sheriff Personnel as they investigated his friend's actions, while inside of a courthouse violated California Rules of Court (CRC), Rule1.150. That section permits photographing, recording and broadcasting of courtroom proceedings by court order only. CRC, Rule

1.150(c). The Rule defines a "court" as the courtroom at issue, the courthouse, and its entrances and exits. CRC, Rule 1.150 (b)(3). Any violation of the rule is an unlawful interference with the proceedings of the court and may be the basis of a citation for contempt of court. CRC, Rule 1.150(f). Citations for contempt of court are punishable under Penal Code §166(a) which states in pertinent part:

> "(a) Except as provided in subdivisions (b), (c) and (d), a person guilty of any of the following contempts of court is guilty of a misdemeanor:
> (1) Disorderly, contemptuous, or insolent behavior committed during the sitting of a court of justice, in the immediate view and presence of the court, and directly tending to interrupt its proceedings or to impair the respect due to its authority. . .
> (5) Resistance willfully offered by any person to the lawful order or process of a court."

Mr. Anthony essentially alleges that he violated the Rules of Court by recording a proceeding within the courthouse. This is a violation of Rule 1.150. The statute states that any violation of the Rule is a basis for a citation for contempt of court. Penal Code §166(a) violations are misdemeanors. Anthony admits that he violated the rule by recording the deputies while inside the courthouse. He alleges that both Boyd and Oliva told him he could not do that and he was told to put his hands behind his back. While Anthony avoids using the actual words that he was detained and/or arrested for his conduct, his allegations clearly indicate that is exactly what occurred. Anthony should not be able to bring a lawsuit for

7

conclusory allegations that he was "battered" because he was "shackled" or that he was "kidnapped." The allegations clearly support a violation of law. Under Penal Code §836.5, which authorizes a public officer to arrest a person without a warrant whenever the officer has reasonable cause to believe that the person to be arrested has committed a misdemeanor in the presence of the officer that is a violation of a statute or ordinance that the officer has the duty to enforce.

Accordingly, plaintiff has not alleged a violation of his civil rights under Section 1983 because the allegations clearly support probable cause to detain or arrest Mr. Anthony for violation of at least one statute. Arguably, Mr. Anthony also violated under Penal Code §148 for resisting, delaying or obstructing an officer in the discharge of her or her duty. Plaintiff alleges that he walked down to the third floor to "observe" an obvious detention of his friend Rouzan and invited three others to come along. This act is an obstruction of the deputies' duties.

## IV
## THE ALLEGATIONS OF THE COMPLAINT DO NOT STATE A *MONELL* CLAIM AGAINST THE COUNTY OF SAN BERNARDINO

Plaintiff alleges a cause of action against the County of San Bernardino for Civil Rights violations under 42 USC §1983.

In order to successfully maintain an action under §1983 it is necessary to establish that the conduct occurred in execution of a government's policy or custom promulgated by its law makers or for those whose acts may fairly be said to represent official policy. Monnell v. New York City Department of Social Services (1978) 436 US. 658; 56 L.Ed.2d 611; 98 S.Ct. 2018.

#29M1147
TMM:dht

"A municipality is liable under 42 U.S.C. §1983 only when execution of its policy or custom causes a plaintiff to suffer constitutional injury…"[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policy maker". (*Parker v. District of Columbia* 850 F.2d. 708 (D.C. Cir 1988) (Id., at 711-12)"

Municipalities are only liable under 42 U.S.C. §1983 in limited factual circumstances. Plaintiff does not allege the circumstances to give rise to such liability. Plaintiff has clearly not alleged a constitutional violation in the first instance in order to implicate Monell liability against the County of San Bernardino.

## V
## PLAINTIFF'S STATE CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE CLAIMS FILING ACT

In order to state a cause of action against a public entity, a plaintiff must establish that he or she has complied with the requirements of the California Tort Claims Act. *Government Code* §810, et seq. The plaintiff has the burden of pleading and proving compliance with the claims presentation provisions, and must plead and prove that the claims presentation provisions were complied with within the required time limits. *Kline v. San Francisco Unified School Dist.* (1940) 40 Cal.App.2d 174, 177, 104 P.2d 661; *County of San Luis Obispo v. Ranchita Cattle Company,* (1971) 16 Cal.App.3d 383, 390; *Magistretti Co. v. Merced Irrigation District,* (1972) 27 Cal. App.3d 270, 274.

The presentation of a claim to a public entity and its rejection are

prerequisites to maintaining suit against the entity. Government Code §§905, 945.4.

Failure to file a timely claim for damages claimed constitutes a bar to the recovery of such damages. County of San Luis Obispo v. Ranchita Cattle Company (1971) 16 Cal.App.3d 383, 390; State v. Superior Court (Bodde) (2004) 32 Cal.4th 1234, 1237; and Government Code §§911.2 and 945.4. Plaintiff's failure to allege compliance with the tort claims statute bars all State Causes of action.

## VI.
## CONCLUSION

Defendants request this court grant this motion to dismiss as plaintiff has not plead a constitutional violation under 43 U.S.C. §1983. The allegations do not support Monell Liability because there is no Constitutional violation initially alleged against the deputies. The allegations clearly support an arrest or detention for probable cause. The California State tort causes of action are not supported by allegations that a written claim was presented, and the claims are therefore barred.

Dated: September 7, 2012

JEAN-RENE BASLE
County Counsel

  s/David R. Guardado for:
TERESA M. McGOWAN
Deputy County Counsel
Attorney for Defendants
K. OLIVA, COUNTY OF SAN BERNARDINO, ROBERT BOYD, RICK SWIGART

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On September 7, 2012, I served the following documents (*specify*):

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURUSANT TO FRCP 12(B)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I served the documents on the persons below, as follows:

Melvin Anthony Jr.                Plaintiff In Pro Se
6336 High Cliff Ln.
Fontana, CA  92336

The documents were served by the following means:

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and *(specify one)*:

(1) ☐ deposited the sealed envelope on         , 2012, with the United States Postal Service, in San Bernardino, California with postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, on September 7, 2012, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California. I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Dianne Tito                          s/Dianne Tito
(TYPE OR PRINT NAME OF DECLARANT)    (SIGNATURE OF DECLARANT)

#29M1147
TMM:dht